# EXHIBIT A

Fax Server      RECEIVED  01/30/2017 15:06  5106637102
1/30/2017  4:40:40 PM  PAGE   2/002   Fax Server

01/30/2017  15:06   5106637102            KLECZEK LAW OFFICE              PAGE  02/04

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*

(Additional Parties Attachment form is attached)

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

(Additional Parties Attachment form is attached)

| |
|---|
| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
| **FILED BY FAX**<br>ALAMEDA COUNTY<br>January 30, 2017<br>CLERK OF<br>THE SUPERIOR COURT<br>By Burt Moskaira, Deputy |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Alameda County Superior Court

Rene C. Davidson, 1225 Fallon Street, Oakland, CA 94612

| CASE NUMBER:<br>*(Número del Caso):* |
|---|
| RG16843815<br>RG16843815 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

David A. Kleczek, 825 Washington Street, Suite 301, Oakland, CA             3-7100

DATE:  January 30, 2017                    Clerk, by _____, Deputy
*(Fecha)*                                  *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Singh v. National Railroad Passenger Corporation, et al. | RG16843815 |

## INSTRUCTIONS FOR USE

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

| | Plaintiff | ✓ | Defendant | | Cross-Complainant | | Cross-Defendant |

NATIONAL RAILROAD PASSENGER CORPORATION D/B/A AMTRAK, A DISTRICT OF COLUMBIA CORPORATION; UNION PACIFIC CORPORATION D/B/A UNION PACIFIC RAILROAD, A UTAH CORPORATION; CITY OF FREMONT; KEVIN GNIADEK, a citizen and resident of the State of California; DOES 1 – 100

Page __2__ of __3__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Singh v. National Railroad Passenger Corporation, et al. | RG16843815 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[✓] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

GURPREET SINGH, individually, and as SUCCESSOR IN INTEREST on behalf of the heirs and Estate of AMARJIT SINGH, deceased, BALWINDER KAUR, SUMANDEEP KAUR, RAMANDEEP KAUR, BHUPINDER KAUR

Page ___3___ of ___3___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1  GERALD C. STERNS (State Bar No. 029976)
2  STERNS & WALKER
   825 Washington St., Ste. 305
3  Oakland, CA 94607
   Telephone (510) 267-0500
4  Facsimile: (510) 267-0506
   Email: sterns@trial-law.com

5  DAVID A. KLECZEK, (State Bar No. 244045)
   KLECZEK LAW OFFICE
6  825 Washington St., Ste. 301
   Oakland, CA 94607
7  Telephone: (510) 663-7100
   Facsimile:  (510) 663-7102

8  Attorneys for Plaintiffs

9

10              **IN THE SUPERIOR COURT OF CALIFORNIA**

11                      **COUNTY OF ALAMEDA**

12  GURPREET SINGH, individually, and as        )   Case No.: RG16-842815
    SUCCESSOR IN INTEREST on behalf of the      )
13  heirs and Estate of AMARJIT SINGH,          )   **COMPLAINT FOR:**
    deceased, BALWINDER KAUR,                   )
14  SUMANDEEP KAUR, RAMANDEEP                    )   **1. DAMAGES**
    KAUR, BHUPINDER KAUR,                       )   **2. WRONGFUL DEATH**
15                                              )   **3. DEMAND FOR JURY TRIAL**
16                                              )
                                                )
17              Plaintiffs,                     )
                                                )
18      vs.                                     )
                                                )
19  NATIONAL RAILROAD PASSENGER                 )
    CORPORATION D/B/A AMTRAK, A                 )
20  DISTRICT OF COLUMBIA                        )
    CORPORATION; UNION PACIFIC                  )
21  CORPORATION D/B/A UNION PACIFIC             )
    RAILROAD, A UTAH CORPORATION;               )
22  CITY OF FREMONT; KEVIN GNIADEK. a           )
    citizen and resident of the State of California; )
23  DOES 1 – 100.                               )
                                                )
24
25              Defendants.                     )
26  _____ )

27  /////

28  /////

                              1

            COMPLAINT FOR DAMAGES AND WRONGFUL DEATH

/////

# I.   JURISDICTION AND VENUE

All named Defendants are subject to general jurisdiction here.  Venue is proper in that the incident sued upon occurred in the County of Alameda.  This is a General Jurisdiction case, in that the amount in controversy exceeds twenty five thousand dollars ($25,000).

# II.   PARTIES

A.  Plaintiffs are:

Successor in Interest, Gurpreet Singh is the son of the decedent, Amarjit Singh, and a resident of Fremont, California.

Balwinder Kaur is the wife/widow of the decedent, Amarjit Singh, and a resident of Fremont, California.

Sumandeep Kaur is the daughter of the decedent, Amarjit Singh, and a resident of Canada.

Bhupinder Kaur is the daughter of the decedent, Amarjit Singh, and a resident of India.

Ramandeep Kaur is the daughter of the decedent, Amarjit Singh, and a resident of Germany.

B.  Heirs are the beneficiaries of decedent Amarjet Singh:

1.  Balwinder Kaur is the wife/widow of the decedent, Amarjit Singh, and a resident of Fremont, California.

2.  Gurpreet Singh is the son of decedent, Amarjit Singh and a resident of Fremont, California;

3.  Sumandeep Kaur is the daughter of the decedent, Amarjit Singh, and a resident of Canada.

4.  Bhupinder Kaur is the daughter of the decedent, Amarjit Singh, and a resident of India.

5.  Ramandeep Kaur is the daughter of the decedent, Amarjit Singh, and a resident of Germany.

C.  Defendants:

2

COMPLAINT FOR DAMAGES AND WRONGFUL DEATH

Defendant National Railroad Passenger Corporation (hereinafter "Amtrak,") is a company organized and existing under the laws of the District of Columbia, with its principal place of business in the District of Columbia.  It, at all times herein mentioned, was and is doing business in the State of California.

Defendant Union Pacific Corporation, dba Union Pacific Railroad (hereinafter "Union Pacific,") is a company organized and existing under the laws of the State of Utah, with its principal place of business (?)(probably  not Utah?)  It, at all times herein mentioned, was and is doing business in the State of California.

Defendant City of Fremont is an incorporated city and a governmental entity within the State of California;

Defendant Kevin Gniadek is an individual, and is a Citizen of California and a resident of Sacramento.

### III.

Plaintiff is ignorant of the true names and capacities, whether individual or otherwise, of defendants sued herein as DOES 1 through 20, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is negligently or otherwise responsible for the occurrences alleged herein and that the injuries and damages alleged were proximately caused thereby.

### IV.

Plaintiff is informed and believes and thereon alleges that defendants and each of them, including the defendants fictitiously designated, at all times mentioned herein, were the agents,

3

and/or employees of each of the remaining defendants and were at all times acting within the purpose of scope of said agency and/or employment, and were acting with the knowledge and/or permission of the remaining defendants, and each defendant has ratified and/or approved the conduct of her/his/its agents and/or employees.

## V.

On or about February 20, 2015, Plaintiff's decedent, Amarjit Singh, was violently struck and killed by a train, owned, controlled and operated by Defendant Amtrak at a grade crossing located at Dusterberry Way and the tracks in question, in the City of Fremont. The train at the time was under the direct control and being driven by the engineer, Defendant Kevin Gniadek. At all times, Defendant Gniadek was in the scope and course of his employment for and an agent of Defendant Amtrak.

## VI.

The crossing in question was directly in an inhabited, built up and populated residential area, within the jurisdiction of Defendant City of Fremont, which designed, maintained and controlled the track crossing street, Dusterberry Way, as well as the pedestrian and cyclist path approaches, sidewalks, crossings, any form of crossing protections, setbacks and potential obstructions to visibility of the setbacks of adjacent structures. As such, the entire crossing, subject to any easement for passage of the tracks, was public property, and was in a dangerous and defective condition.

## VII.

The crossing in question was further under the control of Defendants Amtrak and Union Pacific. As to Amtrak, in that it operated many trains over this crossing in both directions as part of its Sacramento-Bay Area service, and had direct control over the location of the tracks; speeds and manner of operation of its trains through this crossing; as well as placing,

4

functioning and timing of devices to give adequate warning of the approach of a train; and the placing and functioning of any "flashing eights" signals, barricades or other means of protecting the public, who would be using the crossing not only in vehicles, but also on foot, bicycles, or other means.

As to Union Pacific, it owned the tracks and easement/right of way at the Dusterberry crossing, and in some manner, the exact specifics being unknown to Plaintiffs at this time, participated in and controlled the design of what protective devices and warnings were employed at the crossing, along and in conjunction with Amtrak. None of which were reasonable or adequate, which caused and contributed to a very dangerous grade crossing situation.

## VIII.

Defendants Amtrak, Union Pacific and Gniadek, and each of them, were negligent or otherwise in breach of duty for the safety of the public, and violated several Rules and Regulations imposed by the Federal Railroad Regulations. Among other transgressions, these included:

1. The Amtrak train in question, northbound from the South Bay towards Oakland, approached this crossing at an excessive speed, in violation of its own rules and reasonable care and prudence;

2. The train was being operated in effect, "in reverse" with the rear end forward. This severely compromised the ability of the engineer, in the rear, to see and avoid potential obstacles or dangers at the crossing;

3. The train did not comply with the Regulation that requires a train approaching a public grade crossing to commence blowing a standard warning whistle at a properly placed "whistle post" at approximately fifteen hundred feet before the crossing. The post involved was significant closer;

5

4. The train did not blow any warning until it was dangerously close to the crossing, still at excessive speed, and allowing no time for an unwarned pedestrian or other non-motorized crosser to avoid or protect;

5. There was absolutely no adequate warning, barricade, gate or other protection reasonably visible or adequate for pedestrians or others using the well-defined and regularly used foot path across the tracks on the side from which decedent Singh approached. To the contrary, the only visual warning of any approaching train was way over on the other side of the two sets of railroad tracks and a median. Said warning was in the form of "flashing eights," alternating red lights specifically designed, positioned and oriented to be visible to approaching vehicular traffic on the side of the four lane roadway only. And not readily visible, if at all, to a pedestrian approaching from the same direction as such vehicles, but from the far side of the entire roadway;

6. Visibility of any oncoming train in the direction involved here, from the point of view of one approaching on foot toward the tracks, was severely compromised and limited vegetation and by the location and positioning of large structures very close to both the tracks and to the roadway. Defendants Amtrak, Union Pacific and Gniadek, had to have known this, making the backwards approach and entering of the crossing by the train at excessive speed, with no adequate horn or other aural warning even more dangerous.

IX.

Some of the above dangers and deficiencies were also attributable to the Defendant City of Fremont, which additionally had allowed the sidewalk over which decedent Singh had to pass to cross the tracks, to become badly broken and uneven, thus adding to the risk that someone might lose footing if a pedestrian, or control of a bike if a cyclist, just before encountering the tracks. These things also constituted public property in a dangerous and defective condition.

6

**X.**

Decedent Amarjit Singh was 61 years of age, originally from India, but now residing permanently in the City of Fremont, with his wife, Balwinder Kaur and son, Gurpreet. He is survived by three other children, as noted above. On the morning in question, he was taking a walk alone. He was able to do this, and enjoyed it, as he was recovering from some health issues, but still had limitations of vision including being unable to see objects at a distance. His eyesight was improving through the help of dedicated health providers and Amarjit's desire to regain his eyesight. He always went walking with the assistance of a cane, and was using same at the time. As he approached the rail crossing on foot, apparently unaware of any oncoming train until it was too late, he somehow lost control of his footing or balance, or snagged his cane at some point either in the defective sidewalks, or hazard on the crossing. He ended up, probably out of balance at some point where the train struck him directly at high speed. What was left of him and the cane he had been using was found some several hundred feet beyond the crossing.

**XI.**

No claim under California Government Code section 910, et. seq. was filed on behalf of the heirs of Amarjit Singh with the City of Fremont. There were multiple reasons for this, as were set out in the Petition for Relief and to file a Late Claim, previously presented to the court in Hayward. Alameda County Superior Court Case No. RG16818468. This petition was denied after hearing and briefing, and that decision is presently on appeal. See Appeal No. A149744, District One, Division 1, California Court of Appeal. Notwithstanding this, however, Plaintiffs allege that it is necessary to have the City joined in this proceeding at this time, in the interest of not only Judicial Efficiency but for several very practical and compelling reasons:

7

1. The two year statute of limitations operative as to all private defendants in California, but not to "governmental entities," will run in but a few months. It is highly unlikely that there will be an Appellate ruling on the Late Claim Petition by that time. To protect valid claims against all non-governmental defendants, as named herein, suit must be filed by then.

2. Any suit for damages filed in this state because of the provisions of Civil Code sections 1430-1432, known generally as "Proposition 51" which abolished joint liability for noneconomic damages in tort cases, looms over this case or any similar. The rule is now several by percentage of fault or other breach of duty. Nothing in Prop 51 requires that some such percentage be only attributable to those defendants in the case. To the contrary, any fault, responsibility, breach of duty by anyone else, before the court or not, must be factored in. This creates a classic "empty chair" dilemma for a plaintiff, who for whatever reason is unable to join such others  Worker's comp, party not subject to jurisdiction, no timely claim, limited by a mandatory arbitration clause in some agreement and similar are just some of these.

3. This creates a double and unfair burden on any plaintiff. He or she cannot recover any noneconomic damages from the missing party, no matter how egregious the transgression, and that party is not in court to defend itself, so an open season is created for the remaining at risk defendants to dump all and whatever they can on the absent party. In court or not, their percentage, as found by a trier of fact who never heard from them, is deducted from any recovery for noneconomic damages. Maybe a lot maybe a little, maybe in it's entirety.

4. The City of Fremont should be estopped from asserting immunity from accountability in this matter by virtue of fact that no pre-suit claim was filed against it in the limited time

COMPLAINT FOR DAMAGES AND WRONGFUL DEATH

required by such by the Government Code section 911.2.  By its own affirmative actions, carried out primarily through its own police department, Defendant City of Fremont actively deceived and misled Gurpreet Singh, the only one of Amarjet's heirs who was able to communicate on behalf of the family, by way of directly communicating to him in a form that would be taken by reasonable person as an official report, following a competent and complete investigation, that Gurpreet Singh's father, "had committed suicide," and that no further investigation would be made.

This representation on the part of the Defendant City of Fremont, was based on no physical or tangible evidence whatsoever; no inquiry into either the mental or physical condition of the deceased; nothing whatsoever scientific or methodical, no careful examination of the scene or the evidence, but solely on conjecture, and the unsubstantiated split second observations of two persons some distance from where Amarjet Singh was struck who thought it looked as to them as though Amarjet "bowed down" in front of the approaching speeding train.  All while in plain sight, had the Fremont police officers bothered to examine, was clear evidence that in all likelihood, the deceased had stumbled or lost footing due to the cracked and unmaintained sidewalk, lost his balance, fell in front of the train, perhaps putting up his cane at the last second in a vain effort to try to protect himself.  The finding of the cane some 152' from the decedent, was further significant evidence of this, but was ignored by the Fremont police.

As a result of these cloaked with presumed official report by the police to Gurpreet Singh, he accepted same, and acted thereon by passing the reports to his mother and siblings, accepted the report as true, and the family tried to get on with their lives.  Had they been told the true facts and that "suicide" was at best a guess, they might have had the opportunity to look further into their rights and learned about the claim requirements.

COMPLAINT FOR DAMAGES AND WRONGFUL DEATH

Most certainly the family, through Gurpreet Singh, was told by the police anything about the six months and government claims.

In making these critical representations to the family through Gurpreet Singh, the City of Fremont, through its police department, acted either with intent to deceive, or with a careless and reckless disregard for the consequences thereof, but having to have knowledge that the family would accept this "official" finding and rely thereon. Furthermore, there is no prejudice to defendant City of Fremont by it being joined now, in that it had full and ample opportunity, with assistance of operatives from Amtrak and Union Pacific, very early on, to assemble and investigate all evidence and facts.

5. Lastly, this direct claim against the City of Fremont through this suit ought to be allowed for the reason that to afford the special protection of, in effect, a six month time limit for any claims in favor of "governmental entities violates Due Process and Equal Protection of victims of governmental wrongs. All other tortfeasors and potential defendants, large and small, are subject to a time period, at least four times as long. Namely, the two years for all tortious wrongs. Changed overwhelmingly by the legislature some years ago from but one year. Found to be an unreasonable short period of time for many in distress and unsure of their legal rights. The claim Government Code limits of six months cuts this time, already found inadequate, to but half of that.

Presumably, the notion that the government can decide when it has liability and when not, or when liability is provided, it may be sharply limited with unreasonable time limits, not applicable to other alleged wrongdoers, is bases on the belief that some form of "Sovereign Immunity" prevails in our law, that allows this. The Constitution of the United States provides for no such thing. The Founders obviously went to great lengths to leave the concept of "The King can do no Wrong" far behind, and not part of the law of

10

the United States, or any part thereof.

WHEREFORE, Plaintiffs pray for Relief, against all Defendants, as follows:

A.   For general and special damages as provided by law and supported by the evidence;

B.   For costs of suit, and attorneys' fees, if and as appropriate;

C.   That the City of Fremont be retained in this action as a Defendant, notwithstanding the fact that the Denial of Plaintiff's Petition for permission to file a late claim and for other relief is on appeal;

Dated:  December 28, 2016

STERNS & WALKER

By:
   GERALD C. STERNS, SBN 029976
   Attorneys for Plaintiffs

Dated: December 28, 2016

KLECZEK LAW OFFICE

By
   DAVID A. KLECZEK, SBN 244045
   Attorney for Plaintiffs

11

COMPLAINT FOR DAMAGES AND WRONGFUL DEATH

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial in this matter.

Dated:  December 28, 2016                         STERNS & WALKER

By: _____
        GERALD C. STERNS, SBN 029976
        Attorneys for Plaintiffs

Dated: December 28, 2016

KLECZEK LAW OFFICE

By: _____
        DAVID A. KLECZEK, SBN 244045
        Attorney for Plaintiffs

12

Kleczek Law Office
Attn: Kleczek, David A
825 Washington St.
Suite 301
Oakland, CA   94607_____

---

## Superior Court of California, County of Alameda

| | |
|---|---|
| Singh<br><br>**Plaintiff/Petitioner(s)**<br>VS.<br><br>National Railroad Passenger Corporation<br>**Defendant/Respondent(s)**<br>(Abbreviated Title) | No. <u>RG16843815</u><br><br>**NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER**<br>Unlimited Jurisdiction |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Notice is given that a Case Management Conference has been scheduled as follows:

| Date: **05/16/2017**<br>Time: **03:00 PM** | Department: **22**<br>Location: **Administration Building**<br>**Fourth Floor**<br>**1221 Oak Street, Oakland  CA 94612**<br>Internet: **www.alameda.courts.ca.gov** | Judge: **Robert McGuiness**<br>Clerk: **Monica Martin**<br>Clerk telephone:  **(510) 267-6938**<br>E-mail:<br>**Dept.22@alameda.courts.ca.gov**<br>Fax:  **(510) 267-1574** |

### ORDERS

1. **Plaintiff** must:

   a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

   b. **Give notice** of this conference to all other parties and file proof of service.

2. **Defendant must** respond as stated on the summons.

3. **All parties who have appeared before the date of the conference** must:

   a. **Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724;

   b. **File and serve** a completed *Case Management Statement* on Form CM-110 at least **15 days** before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

   c. **Post jury fees** as required by Code of Civil Procedure section 631.

4. If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone. Contact CourtCall, an independent vendor, at least three business days before the scheduled conference. Call 1-888-882-6878, or fax a service request to (888) 882-2946. The vendor charges for this service.

6. You may file *Case Management Conference Statements* by E-Delivery. Submit them directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to *www.alameda.courts.ca.gov/ff.*

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc.*

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 01/06/2017.

By _____

Deputy Clerk



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
>
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
>
> - Agree to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/adr

### What Are The Advantages Of Using ADR?

- ***Faster*** –Litigation can take years to complete but ADR usually takes weeks or months.

- ***Cheaper*** – Parties can save on attorneys' fees and litigation costs.

- ***More control and flexibility*** – Parties choose the ADR process appropriate for their case.

- ***Cooperative and less stressful*** – In mediation, parties cooperate to find a mutually agreeable resolution.

- ***Preserve Relationships*** – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- ***You may go to court anyway*** – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- ***Mediation*** – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program**: Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA  94702-1612
Telephone: (510) 548-2377      Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – **S**ervices that **E**ncourage **E**ffective **D**ialogue and **S**olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA  94550
Telephone: (925) 373-1035      Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA  94607
Telephone: (510) 768-3100      Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

**ALA ADR-001**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |

TELEPHONE NO.:                          FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:
DEFENDANT/RESPONDENT:

| | |
|---|---|
| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |

**INSTRUCTIONS:  All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1.  Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

Date:                          Time:                          Department:

2.  Counsel and all parties certify they have met and conferred and have selected the following ADR process *(check one)*:

☐ Court mediation          ☐ Judicial arbitration
☐ Private mediation        ☐ Private arbitration

3.  All parties agree to complete ADR within 90 days and certify that:

a.  No party to the case has requested a complex civil litigation determination hearing;
b.  All parties have been served and intend to submit to the jurisdiction of the court;
c.  All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
d.  Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
e.  Case management statements are submitted with this stipulation;
f.  All parties will attend ADR conferences; and,
g.  The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PLAINTIFF)

Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Page 1 of 2

ALA ADR-001

| | |
|---|---|
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | CASE NUMBER.: |

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF DEFENDANT)

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)